WHEELER, J.
It is insisted by the attorney general that the recognizance ■does not so describe as to identify the case in which it is given. If the recognizance were taken in a case, the record of which remained in a different court ■from that in which, in case of its forfeiture, the judgment upon it is to be taken, it would, perhaps, be necessary (hat it should recite the cause of its •caption. (Commonwealth v. Downey, 9 Mass. R., 520; 16 Id., 446.) But here all the proceedings in the case, except upon the appeal, remain of record in the court in which (.lie recognizance is taken, and in case of forfeiture to be there enforced. The record of the case is there before the court complete, and the court may look back through the record for the purpose of ascertaining the proper connection of the several proceedings taken in the case.
The recognizance states and describes the case accurately by its name and style or title, as is set out in the proceedings of record in tiie District Court; and this, we think, is sufficient to show to this court that it was taken in the ■case, a transcript of the record of which is before us, and also to show to the District Court, in which the record remains, in what case it was taken, and to authorize a judgment of forfeiture in case of the failure of the defendant to appear and abide the judgment which this court may render in the case..
We are of opinion, therefore, that the motion to dismiss do not prevail.
Motion overruled.