## JOSEPH PALVADORE v. THE STATE.

A recognizance on appeal in a criminal case, which is conditioned for the appearance of the defendant to abide the sentence and decree of the District Court, instead of the judgment or decree of the Supreme Court, is bad, and the appeal must be dismissed.

Appeal from Nacogdoches.　Motion to dismiss, for want of good recognizance.

*Attorney General*, for appellee.

HEMPHILL, CH. J.　The recognizance entered into by appellant, is not conditioned as the law directs.　The condition should be, that the appellant appear at the next Term of the District Court, and from Term to Term thereafter, to abide whatever judgment or decree the Supreme Court may render ; but in this recognizance, the condition is that he appear at the next Term of the District Court, and there remain from day to day and Term to Term, to answer unto the State of Texas on a

charge of keeping and exhibiting a monte bank, found at the Fall Term, 1848, of the said Court, and to abide by and perform the sentence and decree of the said Court.

It requires no argument or illustration to show that such recognizance is a total departure from the terms of the law. The motion to dismiss the appeal for want of a sufficient recognizance must be sustained.

Appeal dismissed.