## LORANCE HORTON v. THE STATE.

Article 722 of the Code of Criminal Procedure reads as follows: "When the defendant appeals in any case of misdemeanor, he shall be committed to jail, unless he enter into recognizance to appear before the district court, to abide the judgment of the supreme court." (Paschal's Dig., Art. 3186, Note 770.) This article does not prescribe all the requisites of the obligation required of a defendant upon taking an appeal to the supreme court.

For its other requisites, both substantial and formal, as well as for the definition of a recognizance, we must look to article 263 of the Code, which reads as follows: "A recognizance shall be sufficient to bind the principal and sureties, if it contain the following requisites: 1. If it be acknowledged that the defendant is indebted to the State of Texas in such sum as is fixed by the court, and the sureties are in like manner indebted in such sum as is fixed by the court. 2. That it state the name of the offense with which the defendant is charged. 3. That it appear by the recognizance that the defendant is accused of an offense against the laws of this state. 4. That the time and place when and where the defendant is bound to appear be stated, and the court before which he is bound to appear." (Paschal's Dig., Art. 2731, Note 708.)

Article 265 reads as follows: "The rules laid down in this chapter respecting recognizances and bail bonds are applicable to all such undertakings when entered into in the course of a criminal action, whether before or after indictment or information, in every case where authority is given to any court, judge, magistrate, or other officer, to require bail of a person accused of an offense, or of a witness in a criminal action." (Paschal Dig., Art. 2733.) It is not enough that a recognizance on appeal to the Supreme Court follows the language of article 722. It must state the offense, and that offense must be known to the law. (Paschal's Dig., Arts. 3186, 2731, Note 708.)

The language of article 265 was intended to make article 263 extend to and embrace every species of recognizance, as well those taken upon appeal as all others known to the criminal law. (Paschal's Dig., Arts. 2731, 2733.)

The requirements enumerated make every recognizance which does not contain them insufficient. (Paschal's Dig., Art. 2731, Note 708.)

The case of the State v. Casey, 27 Tex., 111, sustains this doctrine.

DONLEY, J., dissenting:

The obligation of the recognizance must of necessity, in all cases, be the same: it is, that the cognizors acknowledge themselves to owe and be indebted to the state in a certain sum of money fixed by the court, to be absolute on certain conditions stated in the recognizance. It is the condition of the recognizance that varies and gives character to it.

If, in an action for *crim. con.*, the judgment merges the original cause of action, and the writ of error is to be held as a new action by the defendant, to relieve himself from the judgment which had been erroneously entered against him, it would appear that a judgment of conviction for a misdemeanor should be held as merging the offense; and, until it be reversed for that offense, the defendant cannot again be placed upon trial.

Certainly a party cannot twice be put in peril of legal penalties. (United States v. Gilbert, 2 Sum., 41; 4 Black., 335, 336; Art I, sec. 12, Const. of Texas.)

It is apparent, from the wording of articles 263 and 265, that they were not intended as applying to recognizances given to prosecute appeals to this court. In 265 it is said, that "the rules laid down in this chapter respecting recognizances and bail bonds are applicable to all such undertakings, when entered into in the course of a criminal action, whether before or after the indictment or information, in every case where authority is given to any court, judge, magistrate, or other officer to require bail of a person accused of an offense. (Paschal's Dig., Art. 2733.) For this article to have included appeals, it should have stated that it applied to recognizances given after as well as before conviction; or this fact must have been fairly inferable from the language used.

The fact that appeals, and recognizances to be given on appeals, to this court are not mentioned in the chapter, but in a subsequent chapter and entirely disconnected, is, to my mind, strong evidence that it was not intended in this chapter to provide for the prosecuting of appeals in this court. Articles 263 and 265 are under tit. 2 of ARRESTS, COMMITMENT, and BAIL. Article 722 is under tit. 7 of APPEALS.

If a recognizance is given which requires the appellant to appear before the court as he agrees to do, or on his failure to do so the state shall be entitled to judgment against him for money specified in the recognizance, this should be held sufficient to give this court jurisdiction of the appeal. When considered together, articles 259 and 273 Code of Criminal Procedure furnish the correct rule by which to determine the legal sufficiency of a recognizance required of a defendant on prosecuting an appeal to this court.

Article 259 defines a recognizance to be "An undertaking entered into before the supreme or district court, by the defendant to a criminal action and his sureties, by which they bind themselves respectively, in a sum fixed by the court, that the defendant will appear for trial before the proper court upon the accusation preferred against him." (Paschal's Dig., Art. 2727.)

It may be admitted, for argument, that chapter IV does treat of certain requi-

sites of all bail bonds and recognizances, but it certainly does not contain all the requisites of all bail bonds and recognizances.

I believe, however, that the Code does not furnish a rule by which a good recognizance may be made, without referring to article 263; as I shall endeavor to show that articles 259 and 722 furnish a rule by which a good recognizance may be made in case of appeal.

Article 722 is, "When the defendant appeals in case of a misdemeanor, he shall be committed to jail, unless he enter into a recognizance to appear before the district court, to abide the judgment of the Supreme Court." (Paschal's Dig., Art. 3186.) The two articles cited fix the time, place, and purpose for which the appellant is to appear. If the judgment should be affirmed, he clearly would not appear for the purpose of answering to an indictment. The word answer must be held as the denial, reply to, or counter-statement, which the defendant makes in confutation of the facts alleged against him in the indictment.

If the appearance of the defendant in the district court, after judgment has been affirmed against him, is for the purpose of answering to the criminal charge contained in the indictment, it would seem to imply that he might be tried again. These are the words of the recognizance when a party is to appear for the purpose of answering to and defending the criminal charge made against him in the indictment.

By the appeal, the defendant becomes the actor in an effort to relieve himself from the judgment which has been rendered against him in the district court. If he fail in this, there is no longer pending against him a criminal charge to which he may answer and make defense, and a recognizance to answer a criminal charge, when it satisfactorily appears from the record that there is no such charge pending against him, and no such charge can legally be preferred against him, is making the terms of the recognizance more onerous than by law it is legally competent to do, and it in fact vitiates the recognizance.

The test of the sufficiency of the recognizance is, does it set forth the charge against the appellant substantially in the language of the indictment.

APPEAL from Smith. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The defendant was indicted "for that, &c., he did play at a game with cards in a certain public house, then and there being, which said public house was then and there used and kept as a house for retailing spirituous liquors," &c.

The defendant having been convicted, and having appealed, he entered into a recognizance in these words:

"Now comes the state by her district attorney, and the defendant in person and by attorney, and the defendant's

xxx—13.

motion for a new trial, heretofore filed in this case, coming
on to be heard, and, being considered of by the court, is
overruled; to which ruling defendant excepts, and gives
notice of appeal to the Supreme Court. Then, on motion
of the district attorney, it is ordered by the court, that de-
fendant be recognized. Thereupon come into open court
the said defendant, Lorance Horton, as principal, and James
P. Crumpler and William S. McAffee as sureties, who
jointly and severally acknowledge themselves to owe and
be indebted to the State of Texas in the sum of two hun-
dred dollars, to be levied of their respective goods, chattels,
lands, tenements, and estates; to be void upon condition
that the said defendant, Lorance Horton, shall make his
personal appearance before this court at its next term, and
here remain from day to day, and term to term, of said
court, to abide the judgment of the Supreme Court upon
said appeal."

The attorney general filed the following motion to dis-
miss:

"And the attorney general, who represents the state,
moves the court to dismiss the appeal in this case, because
the court has no jurisdiction to try the same; and for cause
of dismissal it is shown—

"I. There is no sufficient recognizance.

"II. The recognizance copied in the transcript is fatally
defective.

"1. Because it fails to state the name of the offense with
which appellant is charged.

"2. Because it does not appear from said recognizance
that the appellant is accused of an offense against the laws
of the State of Texas.

"3. Because it does not sufficiently state the time, place,
nor the court at which appellant is required to appear."

*William M. Walton, Attorney General,* for the motion,
asked that the appeal be dismissed, because of defective

recognizance.   (Paschal's Dig., Art. 2731, with the author-
ities cited in Note 708; Casey v. The State, 27 Tex., 111.)

*Jennings & Selman*, against the motion.—We premise
with the proposition that article 263 of the Code of Crimi-
nal Procedure, (Paschal's Dig., Art. 2731,) cited by the
attorney general, was not intended to change, in any mate-
rial respect, the pre-existing legal requisitions of a recogni-
zance.   Its only object was to condense and place in regu-
lar order and convenient juxtaposition those requisitions,
according to its uniform plan, that is, to accomplish, in
this respect, the idea of "a code."

No legislation, prior to the codes, seems to have ex-
pressly enacted any rules prescribing the formal or sub-
stantial requisites of a recognizance in a criminal cause,
but appears to have left that matter to the common law, or
rather to take care of itself, simply prescribing that recog-
nizances might be taken in criminal causes for certain pur-
poses.   But we will inquire how far the Supreme Court
had supplied this deficiency.   The first requisite of article
263 of the Code of Criminal Procedure (Paschal's Dig.,
Art. 2731) seems in one respect—the acknowledgment of
indebtedness—but to embody the common law and uni-
versally admitted essence of all recognizances.   The second
particular of this requisite, that these acknowledgments
shall be "to the State of Texas," seems to relieve that
point of some previous legislative confusion, and need not,
like the first point suggested above, be inquired into here,
as our recognizance is in conformity to this requisite
beyond question.   The second and third of said requisites
had been repeatedly enacted by the Supreme Court ante-
rior to the codes.   The truth is, one of those requisites
seems necessarily to involve the other.   To state the "name
of the offense" at once suggests to the legal mind whether
or not it is "an offense against the laws of this state," and
therefore we present them together, as the Supreme Court

has done. (Daily v. The State, 4 Tex., 417; The State
v. Cotton *et al.*, 6 Tex., 425; Cotton v. The State, 7 Tex.,
547.)

The fourth and last of these requisites, "the time and
place" of appearance, had been prescribed by the 4th sec-
tion of the act of May 13, 1846, "regulating appeals to the
Supreme Court in criminal cases," (Hart. Dig., Art. 471,)
by the words "at the next term of the district court," and
a failure to comply with this prescription had been held by
the Supreme Court to be fatal to such recognizances before
the adoption of the codes.

Having, we trust, shown that article 263 of the Code
of Criminal Procedure (Paschal's Dig., Art. 2731) did not
materially change the pre-existing law of its subject-matter,
and certainly not in any respect affecting the determina-
tion of the motion under consideration, we suggest that
the same may be said with emphasis of article 722, Code
of Criminal Procedure. (Paschal's Dig., Art. 3186.)

Having thus far labored to establish our premise, that
the law regulating recognizances anterior to the adoption
of the Code of Criminal Procedure was not different from,
but prescribed the same essentials in, recognizances as that
code does, we beg leave to draw our conclusion from that
premise of the sufficiency of the recognizance under con-
sideration. In this effort our labor is rendered easy and
certain in its result by the decision of this court in the case
of Pierce v. The State, 10 Tex., 556.

WILLIE, J.—The appellant was convicted in the court
below of playing cards in a house for the retail of spiritu-
ous liquors, and judgment rendered against him for the
sum of $10, the amount of fine assessed by the jury. A
motion for a new trial was overruled, and notice given of
an appeal to the Supreme Court. The court ordered the
appellant to enter into recognizance, and he thereupon came
into open court, with James P. Crumpler and William S.

McAffee as sureties, and they three acknowledged themselves jointly and severally to be indebted to the State of Texas in the sum of $200, conditioned that appellant should appear at the next term of the district court of Smith county, and remain from day to day, and term to term, to abide the judgment of the Supreme Court upon said appeal. The attorney general moves to dismiss the appeal for want of a sufficient recognizance, urging, among other objections, that the recognizance copied into the record does not state the offense with which appellant is charged, and that it does not appear therefrom that the appellant is accused of any offense against the laws of Texas.

Article 722, Code of Criminal Procedure, provides that, when the defendant appeals in any case of misdemeanor, he shall be committed to jail, unless he enter into recognizance to appear before the district court to abide the judgment of the Supreme Court. [Paschal's Dig., Art. 3186, Note 770.]

It is evident that the forgoing article does not prescribe all the requisites of the obligation required of a defendant upon taking an appeal to the Supreme Court; for, if the language of the article were strictly followed, the recognizance would not only be very defective, but unintelligible. This article merely fixes the condition of the recognizance; for its other requisites, both substantial and formal, as well as for the meaning of the term itself, we must look to some other section of the code. The first division of tit. II, ch. 4, lays down some general rules applicable to all cases of bail, defines the meaning of the term "recognizance," and prescribes its essential requisites. These latter are found in article 263 of the same chapter, which reads as follows: "A recognizance shall be sufficient to bind the principal and sureties, if it contain the following requisites: 1. If it be acknowledged that the defendant is indebted to the State of Texas in such sum as is fixed

by the court, and the sureties are in like manner indebted in such sum as is fixed by the court. 2. That it state the name of the offense with which the defendant is charged. 3. That it appear by the recognizance that the defendant is accused of an offense against the laws of this state. 4. That the time and place when and where the defendant is bound to appear be stated, and the court before which he is bound to appear." [Paschal's Dig., Art. 2731, Note 708.]

It is further provided, in article 265 of the same chapter, that the rules laid down in said chapter respecting recognizances are applicable to all such undertakings, when entered into in the course of a criminal action, whether before or after indictment or information, in every case where authority is given to any court, judge, magistrate, or other officer, to require bail of a person accused of an offense, or of a witness to a criminal action. [Paschal's Dig., Art. 2733.]

Tested by the requirements of article 263, the recognizance now under consideration is fatally defective, because it does not state the name of the offense with which the defendant stands charged, and because it does not appear by it that the defendant is accused of any offense against the laws of this state. It merely pursues the language of article 722, and in addition thereto states the court before which the defendant is bound to appear. It cannot be sustained, unless the provisions of article 263 are not applicable to such obligations when taken upon an appeal to the Supreme Court. But the requirements of this article are made to apply to every character of recognizance by the express provisions of article 265 above cited. The language of this article is very comprehensive, and was intended to embrace every species of recognizance, as well those taken upon appeal as all others known to the criminal law. To hold the contrary, would be to say that those of the character we are now considering are not taken in

the course of a criminal action, and are not entered into before or after indictment, nor in a case where authority is given to a court to require bail of an accused party. Such propositions carry upon their face their own refutation. We must, therefore, disregard the plain and positive provisions of article 263 if we sustain this recognizance. That article says, a recognizance shall be sufficient to bind principal and surety if it contain certain requisites, which is equivalent to saying that it shall not be sufficient unless it does contain them, whilst we would hold that it should be sufficient though some of them were omitted.

But it is urged that the requisites mentioned in this article are no more than those prescribed by the common law, and that, previous to the adoption of the Code of Criminal Procedure, recognizances were held good when taken upon appeal, although no offense was recited therein. And we are cited to the case of Pierce v. The State, 10 Tex., 556, in support of this position. It is a sufficient answer to this argument to say, that no objection was taken to the recognizance in that case because it did not recite an offense. The motion to dismiss was based upon a totally different ground, and the court only held that it was sufficient as against the objection taken in the motion. And again, there was, at the time that recognizance was taken, no statute of our state imperatively commanding that recognizances of every description should be made with certain stipulations, recitals, and requisites, or be void against both principal and sureties.

It is also said that, if we require every recognizance taken upon appeal to state some offense known to the laws of the state, cases may arise wherein the accused would be altogether denied the right of appeal. And this for the reason that an indictment which charged no offense might be sustained by the district court, and hence, when an appeal was taken by the defendant, he could not state an offense in his recognizance, although he copied the whole

indictment therein.   To this we reply: The constitution
of our state, which is paramount to all statutes upon the
subject, guaranties to every person convicted of an offense
the right of appeal to the Supreme Court.   Should the
district court so far err in its judgment as to sustain an
indictment which charged no offense, the defendant would,
under the constitution, be entitled to have his appeal heard
by this court, if his recognizance set forth the charges
against him substantially in the language of the indict-
ment.

It is not denied by appellant that a recognizance taken in
the district court upon indictment being found must contain
all the requisites set forth in article 263, and among others
must state the offense of which the defendant is accused,
and show that he is accused of some violation of the crim-
inal law.   In fact, it is contended that this article applies
only to recognizances taken in that court before the ac-
cused is brought to trial.   Suppose the indictment which
he is recognized to answer charges no offense known to
the law.   In that case none could be stated in the recog-
nizance, though the whole indictment should be copied
therein.   And we might suggest a similar difficulty to
that mentioned by appellant, viz, that, in such cases, an
accused party might be deprived of a right to give a re-
cognizance to appear and answer an indictment, and be
committed to prison without bail, because that indictment
charged no offense known to the law.   This difficulty is
suggested only for the purpose of showing that no absurd
consequences can be drawn from the application of this
article to recognizances taken upon appeal, that cannot as
well be deduced from an application of it to such as are
taken at any other stage of a criminal action.   If the statute
is not applicable to bail given upon taking an appeal, be-
cause cases might arise where it would be impossible for an
accused party to comply strictly with its provisions, it must
for a similar reason be held inapplicable to recognizances

entered into upon an original arrest or immediately after indictment found. And thus it would be deprived of relevancy to any recognizance whatever, and be rendered a useless enactment in the Code of Criminal Procedure.

The question we are now discussing is not an open one in this court. In the case of The State v. Casey, [27 Tex., 111,] decided at this place during the session of 1863, a motion was made to dismiss the appeal, because the recognizance did not state the time when the defendant was bound to appear before the district court to answer the criminal accusation against him, in case the judgment of the district court should be reversed. The court sustained the objection, and held the recognizance bad. The ground of the decision was in effect, that the section of the code which gives the state a right to appeal does not prescribe the necessary ingredients or stipulations of the recognizance to be given by the defendant in such cases, but article 263 does. One of the requirements of that article is, that the time of the defendant's appearance must be stated, and the recognizance in that case, lacking this essential, was held invalid. All the requisites set forth in this article are of equal importance. No distinction between them is made by the statute itself, and we have no authority to make any. If a recognizance is defective for non-compliance with the fourth requirement, as held in the case of The State v. Casey, it is equally void for failing to conform to the second and third, as in the case now under consideration.

But it is unnecessary to adduce argument to show that we should not disregard the positive requirements of a statute. We are here to construe and administer the law; not to make or alter it. We may not see any sufficient reason for the enactment of a statute by the legislature. We may think the provisions of this or any other act unnecessary or onerous; but so long as it remains upon the statute-book we must give it effect when not in conflict

with the organic law. The code requires that every recognizance should be taken in a certain form, and with certain recitals and stipulations. We cannot say that any one class of these obligations shall conform to all these requirements, and that another shall be made without reference to a portion of them, and in direct violation of the positive commands of a written statute. A recognizance taken upon appeal is not excepted by the law itself from conformity with its provisions. The present one is wanting in two very essential requisites, expressly prescribed by the code, and is, therefore, insufficient to bind the principal and sureties named therein. It is therefore void, could not be enforced, and is not sufficient to give jurisdiction to this court.

The motion must be sustained, and the appeal

DISMISSED.

DONLEY, J., DISSENTING.—The appellant was convicted on an indictment for gaming. A motion for a new trial being overruled, he gave notice of an appeal to the Supreme Court; and, on suggestion of the district attorney, he was ordered to be recognized. In obedience to that order, and for the purpose of perfecting his appeal, he entered into a recognizance, with sureties, which recognizance recites that it is to be void "upon condition that the said defendant, Lorance Horton, shall make his personal appearance before this (the district) court at its next term, and here remain from day to day, and term to term, of said court, to abide the judgment of the Supreme Court upon said appeal." The attorney general moves to dismiss the appeal, "because there is no sufficient recognizance; because it fails to state the name of the offense with which the defendant is charged; because it does not appear from said recognizance that the appellant is accused of an offense against the laws of the State of Texas."

Article 722, Code Criminal Procedure, provides that, "When the defendant appeals in any case of misdemeanor, he shall be committed to jail, unless he enter into a recognizance to appear before the district court to abide the judgment of the Supreme Court."

It is said in the opinion in this case, "That the foregoing article does not prescribe the requisites of the obligation required of a defendant upon taking an appeal to the Supreme Court; for, if the language of the article were strictly followed, the recognizance would not only be very defective, but unintelligible. This article merely fixes the condition of the recognizance; for its other requisites, both substantial and formal, as well as for the meaning of the term itself, we must look to some other section of the code. The first division of tit. II, ch. 4, lays down some general rules applicable to all cases of bail, defines the meaning of the term recognizance, and prescribes its essential requisites. These latter are found in article 263 of same chapter." This article, 263, contains the requisites of a recognizance given to secure the appearance of the defendant before the court previous to the trial.

Article 265 provides, that the rules laid down in chapter 4, respecting "recognizances and bail bonds, are applicable to all such undertakings, when entered into in the course of a criminal action, whether before or after indictment or information, in every case where authority is given to any court, judge, magistrate, or other officer, to require bail of a person accused of any offense, or of a witness in a criminal action."

It may be admitted, for argument, that chapter IV does treat of certain requisites of all bail bonds and recognizances, but it certainly does not contain all the requisites of all bail bonds and recognizances.

Article 263 furnishes the rule for a recognizance given to secure the attendance of the defendant on the district court to answer to the criminal accusation contained in the indict-

ment before conviction. And it may be looked to, as is held in the case of The State v. Casey, Tyler term, 1863, [27 Tex., 111,] for the purpose of determining the sufficiency of the recognizance. In that case, the fourth division of article 263 is looked to, which requires that the time and place when and where the defendant is required to appear should be stated in the recognizance, and for the want of that statement the recognizance was held insufficient. No reference is made to the fact that the name of the offense is not stated. It is clear that article 263 of itself does not furnish a rule for a recognizance in case of appeal from the district to the Supreme Court. As to the extent that it may be necessary to refer to this article, if at all, in determining the legal sufficiency of a recognizance, must depend on the nature of the recognizance and the purpose for which it is given, I do not question the propriety of looking to it, as was done in the case of The State v. Casey. I believe, however, that the code does furnish a rule by which a good recognizance may be made without referring to article 263, as I shall endeavor to show that articles 259 and 722 furnish a rule by which a good recognizance may be made in case of appeal.

The obligation of the recognizance must of necessity, in all cases, be the same: it is, that the cognizors acknowledge themselves to owe and be indebted to the state in a certain sum of money fixed by the court, to be absolute on certain conditions stated in the recognizance. It is the condition of the recognizance that varies and gives character to it.

It may be said that the prosecution consists of all acts to be done, from the finding of the indictment until the object of the law is accomplished in punishing or discharging the accused. Yet there are, in the progress of the prosecution, changes which may affect the parties differently at certain stages of the prosecution. In a prosecution for a felony, where the punishment which must be inflicted on the person is death or confinement in prison, the death of the de-

fendant must of necessity abate the prosecution, at whatever
stage of the prosecution, and in whatever court it may be
pending.    If the punishment for the offense, as in this case,
consists of a pecuniary fine, which the offender, by the law
and by the judgment of the district court, has been required
to pay, whether after the judgment in the district court
imposing upon the defendant the payment of a sum of
money, and pending the appeal of the defendant in this
court to relieve himself from the effects of the judgment,
the appellant should die, abates and destroys the judgment
which was clearly valid and binding, but for the appeal,
which has not been heard, presents a question that has not,
that I am aware, been decided by this court.    The case of
Gibbs v. Belcher, decided at the present term of this court,
[*ante,* 79,] was an action which was founded on a tort, and
before judgment did not survive to the personal represent-
atives, and it was said that, if Belcher had died before the
verdict in the cause, the suit would necessarily have abated;
but judgment was rendered in favor of the plaintiff in his
lifetime, from which the defendant prosecuted a writ of
error to this court in the lifetime of the plaintiff, who died
before the cause was heard in this court in that case, and
it was held, judgment having been rendered in the life-
time of the party upon whom the assault was made, "that
the original cause of action for the assault and battery was
merged in the judgment of the district court, which is a
*quasi* contract, and was not opened or vitiated as a subsist-
ing judgment by the writ of error in the case, but remains
a subsistent and final judgment, a right of action upon which
survives in favor of the administrator of Belcher, and will
remain a final judgment impressed with force, until set aside
by some legal proceedings for that purpose, and that the
writ of error did not abate by the death of the plaintiff
below, and the judgment was affirmed.

The case of Cox v. Windfield, (18 Ala., 738,) which was
an action for *crim. con.,* in which Windfield recovered a

judgment against Cox for the sum of $2,000. Cox sued out a writ of error, and died before error was assigned; and the question was, whether the writ of error might be revived and prosecuted in the name of the administrator of Cox. It was held, that if Cox had died before final judgment in the court, the suit would have abated by reason of his death; but the writ of error was a new action, in which "the defendant becomes the actor here, and the original cause of action has become merged in the judgment, to reverse which is the object of the present action."

If, in an action for *crim con.*, the judgment merges the original cause of action, and the writ of error is to be held as a new action by the defendant to relieve himself from the judgment which had been erroneously entered against him, it would appear that a judgment of conviction for a misdemeanor should be held as merging the offense; and, until it be reversed for that offense, the defendant cannot again be placed upon trial.

Certainly a party cannot twice be put in peril of legal penalties. (United States v. Gilbert, 2 Sum., 41; 4 Black., 335, 336; Art. I, sec. 12, Const. of Texas.)

If, on hearing the appeal in this case, the judgment should have been affirmed, and the appellant after that appeared before the district court, as by the terms of his recognizance he is bound to do, it could not be for the purpose of answering to the charge contained in the indictment, but to submit to, and in the language of the recognizance abide, the judgment of this court which might have been rendered on hearing the appeal.

It is apparent, from the wording of articles 263 and 265, that they were not intended as applying to recognizances given to prosecute appeals to this court. In 265 it is said, that "the rules laid down in this chapter respecting recognizances and bail bonds are applicable to all such undertakings, when entered into in the course of a criminal action, whether before or after the indictment or informa-

tion, in every case where authority is given to any court, judge, magistrate, or other officer to require bail of a person accused of an offense." For this article to have included appeals, it should have stated that it applied to recognizances given after as well as before conviction; or this fact must have been fairly inferable from the language used.

The fact that appeals and recognizances to be given on appeals to this court are not mentioned in this chapter, but in a subsequent chapter and entirely disconnected, is, to my mind, strong evidence that it was not intended in this chapter to provide for the prosecuting of appeals in this court. Articles 263 and 265 are under tit. 2 of ARRESTS, COMMITMENT, and BAIL. Article 722 is under tit. 7 of APPEALS.

As has been said, it is stated in the opinion that article 722 does not furnish all the requisites of a recognizance required of a defendant on taking an appeal. But if we may avail ourselves of information to be derived from the code, it will be seen that article 722 is complete within itself, and furnishes a rule by which a good recognizance may be given, without reference to article 263. The object of a recognizance is to secure the attendance of the defendant at the proper court for the purpose of answering to the charge or submitting himself to and abiding the judgment of the court. If a recognizance is given which requires the appellant to appear before the court as he agrees to do, or, on his failure to do so, the state shall be entitled to judgment against him for money specified in the recognizance, this should be held sufficient to give this court jurisdiction of the appeal. When considered together, articles 259 and 273 Code of Criminal Procedure furnish the correct rule by which to determine the legal sufficiency of a recognizance required of a defendant on prosecuting an appeal to this court. Article 259 defines a recognizance to be "An undertaking entered into before

the supreme or district court, by the defendant to a criminal action and his sureties, by which they bind themselves respectively, in a sum fixed by the court, that the defendant will appear for trial before the proper court upon the accusation preferred against him."

Article 722 is, "when the defendant appeals in any case of a misdemeanor, he shall be committed to jail, unless he enter into a recognizance to appear before the district court, to abide the judgment of the Supreme Court." The two articles cited fix the time, place, and purpose for which the appellant is to appear. If the judgment should be affirmed, he clearly would not appear for the purpose of answering to an indictment. The word answer must be held as the denial, reply to, or counter-statement, which the defendant makes in confutation of the facts alleged against him in the indictment.

The cause being tried, and judgment against the appellant, which is affirmed in this court, the state and the defendant must be held bound by that judgment, and neither party can be heard to allege anything against its validity. And the appearance of the appellant in the district court, after the affirmance of the judgment in this court, could only be for the purpose of abiding the judgment of this court, by submitting himself to the district court, and suffering such punishment as has been imposed upon him by the judgment of the district court, and as he must have submitted to if no appeal had been prosecuted.

If the appearance of the defendant in the district court, after judgment has been affirmed against him, is for the purpose of answering to the criminal charge contained in the indictment, it would seem to imply that he might be tried again. These are the words of the recognizance, when a party is to appear for the purpose of answering to and defending the criminal charge made against him in the indictment.

It is not true in fact that he does appear for such pur-

pose, after conviction and affirmance in this court. By the appeal, the defendant becomes the actor in an effort to relieve himself from the judgment which has been rendered against him in the district court. If he fail in this, there is no longer pending against him a criminal charge to which he may answer and make defense, and a recognizance to answer a criminal charge, when it satisfactorily appears from the record that there is no such charge pending against him, and no such charge can legally be preferred against him, is making the terms of the recognizance more onerous than by law it is legally competent to do, and it in fact vitiates the recognizance.

In Tucker *et al.* v. Davis & Porter, 15 Ga., 573, the condition of the bond was held to be more onerous than required by law; and held, that "if a bond contains a condition not required by law, but which is beneficial to the security, it does not vitiate the bond; but if a condition is inserted not warranted by law, and which is more onerous to the security, or omits one for his benefit, the instrument is void.

In Palvadore v. The State, 12 Tex., 230, it is said, "The recognizance entered into by the appellant is not conditioned, as the law directs the conditions should be, that the appellant appear at the next term of the district court, and from term to term thereafter, to abide whatever judgment or decree the Supreme Court may render. But in this recognizance the condition is, that he appear at the next term of the district court, and there remain from day to day, and term to term, to answer unto the State of Texas on a charge of keeping and exhibiting a monte-bank, found at the fall term, 1848, of said court, to abide by and perform the sentence and decree of the said court. It requires no argument or illustration to show that such recognizance is a total departure from the terms of the law. The motion to dismiss the appeal for the want of a sufficient recognizance must be sustained."

xxx—14.

The recognizance in the case now under consideration is substantially the same as that which is held in the case just cited to be sufficient. It is true that the case of Palvadore was previous to the code.

The condition of recognizances then required in case of appeals to this court was, " that the defendant will appear at the next term of the district court, and from term to term thereafter, then and there to abide whatever judgment or decree the Supreme Court may render." (Hart. Dig., 471.) As said, the recognizance in this case is in substance the same as there cited. The words are very nearly identical. And article 722 of the Code of Criminal Procedure is the same as that which is held sufficient in the case of Palvadore, except that article 722 does not provide at what term the appellant shall appear before the district court. Without referring to article 263, it appears to me that the court might, without exercising legislative power, and without reference to any other article of the code, when a party desired to give a bond, as it is provided he may do by article 722, require that the appellant should appear at the next or any named term of the district court, and remain from day to day, and term to term, to abide the judgment of the Supreme Court.

Article 471, Hartley's Digest, provides that the recognizance may require the defendant to appear at the next term. The fourth division of article 263 requires that the time and place where and when the defendant is bound to appear shall be stated. The time and place are here left to be fixed by the court. Unless the time should be fixed, as in the article cited from Hartley, the court must of necessity fix it.

I have endeavored to show that articles 259 and 722 do furnish a certain rule by which to determine the sufficiency of the recognizance. And in this case the objection is not made that was held in the case of Casey to render the recognizance insufficient. The time and place when and

where the appellant should appear are in this case correctly stated. The objection here is, that the charge which the appellant is to answer is not stated with sufficient fullness and certainty. It is mentioned in the opinion, that it is urged as an objection, "that if we require every recognizance taken upon appeal to state some offense known to the laws of the state, cases may arise wherein the accused would be altogether deprived of the right of appeal; and this for the reason that an indictment which charged no offense might be sustained by the district court, and hence, when an appeal was taken by the defendant, he could not state an offense in his recognizance, although he copied the whole indictment therein."

To the objection, requiring an offense to be stated in the recognizance given to prosecute an appeal, it is said by the court: "The defendant would, under the constitution, be entitled to have his appeal heard by this court if his recognizance set forth the charges against him substantially in the language of the indictment." If it be necessary to name the offense with which the party is charged in the recognizance given to prosecute an appeal to this court in any case, I am not aware of any statute or law authorizing the court to hold as sufficient a recognizance which does not name the offense. The constitution certainly, in express terms, does not give a right of appeal in cases of misdemeanor, without reference to legislative action. It provides that "the Supreme Court shall have appellate jurisdiction only, which shall be co-extensive with the limits of the state, but in criminal cases below the grade of felony, and in appeals from interlocutory judgments, with such exceptions and under such regulations as the legislature shall make." (Sec. 3, Art. IV, Const. of Texas.)

Under this section it is not only competent for the legislature to provide in what manner appeals shall be prosecuted in criminal cases below the grade of felony, but it is essential that the legislature should prescribe some rule

regulating appeals, to give this court jurisdiction of the matter. I submit that without legislative action the right of appeal secured by the constitution would confer upon the citizen no useful or valuable right. Without legislative action the right of appeal is incomplete. It is, however, unnecessary to discuss this question. The legislature has provided for appeals in cases of misdemeanors. And a party will not absolutely be deprived of his appeal, if, from any cause, he is unable to give a recognizance, as required by article 722.

The terms are, however, so onerous to prosecute a case, without giving a recognizance, that in this and most cases of convictions for misdemeanors the defendant had better submit to the judgment, however erroneous, than attempt to correct it by appeal to this court. By article 722 it is provided, that when the defendant appeals in case of misdemeanor, he shall be committed to jail, unless he enter into recognizance, &c. The appeal must be perfected at least forty days before the time of the meeting or the term for which the causes from the district from which the appeal was taken are to be heard, as was ruled at the last term at Galveston. Thus a party must remain at least forty days in prison before his appeal can be heard; in many cases it would be months. To impose such terms on a party in prosecuting an appeal from a judgment of conviction for gaming is equivalent to denying the right of appeal. And if the law be correctly stated in the opinion, that the recognizance is fatally defective because it does not state the name of the offense with which the defendant stands charged, and it appears that the defendant has been guilty of an offense against the state, how may the court hold that the appellant may be entitled to have his appeal heard by the court if his recognizance set forth the charge against him substantially in the language of the indictment, when by so doing it does not appear that an offense against the criminal law is named in the recognizance.

If the correct construction is given to the law in the opinion, in holding that the recognizance must name the offense, &c., is it not legislating, to hold that a recognizance is sufficient if it set forth the charge against the party substantially in the language of the indictment, if, in fact, no offense is stated in the indictment, nor in the recognizance?

Is not this changing the rule as to the legal sufficiency of a recognizance? And in giving a recognizance, the party need not look to see if the recognizance is conditioned, as required by the statute, but does the recognizance name the offense substantially in the language of the indictment? In the latter case the recognizance may altogether omit an essential requisite of article 263, in that it does not state that the appellant is accused of an offense against the laws of the state; and if this be law, the rule is not to be found in article 263; but the test of the sufficiency of the recognizance is, does it set forth the charge against the appellant substantially in the language of the indictment? If this be sufficient, why, in any case of appeal, require a compliance with part 3, article 263? If the charge in the indictment, being followed and substantially stated, is sufficient to give the court jurisdiction, and is such a compliance with the law as to authorize the court, on such recognizance, to entertain jurisdiction of the appeal, is not the language of the code referred to, that the recognizance shall state "the name of the offense with which the defendant is charged," and that it appear by the recognizance that the defendant is accused of an offense against the laws of the state unnecessary to be inserted, and, having been inserted, it is but surplusage and unnecessary verbiage, which need not be regarded? I think this division of article 263 a proper and necessary one in recognizances to which it was intended by the legislature to be applied.

And, in cases to which this article applies, I know of no rule of law for the construction of statutes that will authorize the court to say that a recognizance is sufficient which

does not, in substance, conform to the statute. An examination of the records of this court will show that recognizances, such as in this case, have been acted upon, and held sufficient to give the court jurisdiction, since the Criminal Code and Code of Procedure were adopted. Should not this be held as giving judicial sanction to such recognizances, having for such a length of time been acted upon and treated as sufficient to give the court jurisdiction in cases of appeal? Certainly the practice should not now be departed from, unless it clearly appears that it is not authorized by law. Believing that the recognizance might be enforced if the appellant should make default, and that it is sufficient to give this court jurisdiction of the appeal, I am constrained to withhold my assent from the conclusion at which the majority have arrived.