## John W. Payne v. The State.

The third division of article 263 of the Code of Criminal Procedure reads as follows: "That it appear by the recognizance that the defendant is accused of an offense against the laws of this state." (Paschal's Dig., Art. 2731, div. 3, Note 708.) It was *held*, that this article has reference to recognizances on appeal to the Supreme Court; that the language is imperative; and as the offense was not named, the appeal was dismissed at the cost of the appellant. (See the subject discussed, Wilson v. The State, 25 Tex., 171.)

Appeal from Ellis. The case was tried before Hon. R. W. Scott, one of the district judges.

The defendant was convicted of retailing liquors in quantities less than one quart, without having obtained a license therefor. (Paschal's Dig., Art. 2075, Note 654.) He appealed, entered into a recognizance, which is sufficiently described in the opinion. It did not set forth the offense, as required by the third division of article 263 of the Code of Criminal Procedure. (Paschal's Dig., Art. 2731, Note 708.)

The case turned upon the sufficiency of the bond with this omission.

*Hancock & West*, for appellant.

*Wm. M. Walton, Attorney General*, for the State.

Morrill, C. J.—Before this court can entertain jurisdiction of a criminal or *quasi* criminal cause, three things must be apparent from the record: First, a final judgment in the district court; second, a motion for a new trial overruled and notice of an appeal; third, a recognizance that the defendant appear before the district court, &c.

In this case the two first requisites are deemed sufficient, but it is objected that the defendant has not complied with the third, by entering into the required recognizance.

The purported recognizance is as follows: "Whereupon the said John W. Payne, as principal, and M. R. Johnson and O. O. Moore, as sureties, appeared in open court and acknowledged themselves to owe and stand indebted to the State of Texas in the sum of $200 each, to be levied of their goods and chattels, lands and tenements, void nevertheless upon condition that the said John W. Payne do make his personal appearance at the next term of the district court of this county, to be begun and holden at the court-house in the town of Waxahatchie, on the first Monday of September, A. D. 1866, and that he remain from day to day and from term to term of said court until discharged, to abide the decision of the Supreme Court in this case."

The statutes (Paschal's Dig., Art. 2731) require of a recognizance four distinct things: First, the amount of indebtedness to the state; second, that it state the name of the offense with which the defendant is charged; third, that it appear by the recognizance that the defendant is accused of an offense against the laws of the state; fourth, that the time and place when and where the defendant is bound to appear be stated, and the court before which he is bound to appear.

The most that can be said of the recognizance above cited is, that it complies with the statute in the first and last requirement, but is entirely deficient in stating the name of the offense, or that the defendant is accused of any offense.

It has been suggested by the attorney, that upon the principle *id certum est quod certum reddi potest,* as the recognizance immediately succeeds the judgment of the court, and the judgment is known as No. 363, therefore we have a right to look at all the records of No. 363, and thus make the record a part of the recognizance. But the statute is imperative as to what the recognizance shall contain, and whether it be examined for the advantage of the plaintiff, or to ascertain whether he may be liable for not

complying with its terms, it must stand or fall by itself, without reference to other papers.

The cause is stricken from the docket at cost of appellant.

STRICKEN FROM THE DOCKET.