## G. S. BENNETT v. THE STATE.

The 722d Article of the Code of Criminal Procedure requires the defendant, who appeals in a criminal case, to enter into a recognizance to appear before the district court to abide the judgment of the supreme court. (Paschal's Dig., Art. 3186, Note 770.)  *Held,* in effect, that the recognizance must describe the offense, and otherwise comply with article 263 of the code. (Paschal's Dig., Art. 2731, Note 708.)

APPEAL from Guadaloupe. The case was tried before Hon. JOHN IRELAND, one of the district judges.

The defendant was indicted and found guilty of playing cards at a public place, and he appealed.

The parties all argued the case upon the merits. No one moved to dismiss the appeal for want of sufficient recognizance. But the case turned upon that point. The recognizance read as follows:

"Come G. S. Bennett, as principal, and Jo. Johnson and John Holland, as sureties, who acknowledged themselves to owe and be indebted to the state of Texas in the sum of $100 each, to be void upon condition that the said G. S. Bennett shall make his personal appearance at the next term of the district court of Guadaloupe county, and there remain from day to day, and from term to term, to abide the decision of the supreme court in the above-styled cause, now on appeal, and not depart the same without leave of the court."

*John P. White*, for appellant.

*William Alexander, Attorney General,* and afterwards *E. B. Turner, Attorney General,* for the state.

LATIMER, J.—This appeal is dismissed for want of a sufficient recognizance. The recognizance contained in the record does not state the name of the offense with which the defendant is charged, nor does it appear from the recognizance that the defendant is charged with any offense.

APPEAL DISMISSED.