## T. J. HICKLIN v. THE STATE.

By the 726th article of the Code of Criminal Procedure notice of appeal must be given and entered of record in open court. (Paschal's Dig., Art. 3190, Note 772.)

A statement of facts which is made up and filed after the adjournment of the term is no part of the record.

The 135th section of the act of 1846 to regulate proceedings in the district court prescribes the mode and practice in regard to a statement of facts. (Paschal's Dig., Art. 1490, Note 582.)

This article was intended to apply to all cases of appeal, criminal as well as civil, and there is to be found in the Code of Criminal Procedure no provision changing its terms or provisions when applied to criminal cases. On the contrary, the rules of practice in criminal cases seem to require its observance. (Paschal's Dig., Arts. 3193, 3196, 3197, 3198, Note 773.)

These various duties of the clerks, the attorney general, and the supreme court, could not be allowed if the appellant may give notice of appeal and then be allowed an indefinite time to file his statement of facts.

Where there is no statement of facts properly in the record, and nothing to be considered but the facts, a motion to dismiss in the supreme court ought to prevail.

But in this case the recognizance for appeal did not comply with the 263d article of the code, but only with the 722d article. (Paschal's Dig., Arts. 2731, 3186, Notes 708, 770.) [And see this point decided in The State v. Stout, 28 Tex., 327; Horton v. The State, 30 Tex., 191; Payne v. The State, 30 Tex., 397; Bennett v. The State, 30 Tex., 446.]

The offense must be named in the recognizance, and it must be a crime against the laws of the state.

APPEAL from Guadalupe. The case was tried before Hon. JOHN IRELAND, one of the district judges.

The facts are stated in the opinion of the court.

No brief for the appellant has been furnished to the *Reporter.*

*E. B. Turner, Attorney General,* for the state, moved to dismiss the appeal, on the grounds that the statement of facts was filed long after the adjournment of the court, and because the recognizance did not comply with the code.

HAMILTON, J.—This was a conviction upon an indictment for playing cards at a house kept for the retail of spirituous liquors. A motion is made by the attorney general to dismiss the appeal, because it was not perfected within the time prescribed by law, and because there is no recognizance, as the law requires.

Notice of appeal was given and entered of record, as prescribed by the Code of Criminal Procedure, (Paschal's Dig., Art. 3190,) but the statement of facts, as the judge below certifies, was not made up until after the term of the court had expired. His statement is, "The parties having failed to agree, and the defendant did not furnish me with his statement until near sundown on Sunday after the final adjournment of the court," and this was filed, as appears from the indorsement of the clerk, on the 4th December, 1866, long after the term of the court had expired, the time being limited to two weeks, and the term commencing on the first Monday after the first Monday in September.

Paschal's Digest, article 1490, provides, that "After the trial of any cause, when the party gives notice of appeal or intends to give such notice, it shall be the duty of the parties respectively to make out a clear and explicit statement or bill of the facts given in evidence on the trial of the cause, and to submit the same to the opposite party, or his attorney, for inspection, during the term, and if the parties or their attorneys agree as to the facts given in evidence they shall sign and seal the same, and submit it to the judge for approval and signature, who shall also sign it, and the statement so made shall be filed as a part of the record of the cause; but if, on inspection of the statement offered, the parties cannot agree or the judge do not approve or sign

it, then they shall submit their respective statements to the judge presiding at the trial, who, from the statements so furnished him and his own knowledge, shall, during the term at which the trial was had, make out a correct and exact statement of the facts of the cause as given in evidence, and shall sign and seal the same, and cause it to be filed in the records of the cause as a part thereof."

This act was intended to apply in all cases of appeal, criminal as well as civil, and there is to be found in the Code of Criminal Procedure no provision changing its terms or provisions when applied to criminal cases. On the contrary, there are several provisions contained in it which clearly contemplate its observance. Paschal's Digest, article 3193, makes it the " duty of the clerk of the district court to prepare, immediately after the adjournment of each term of the court, a transcript in every case where an appeal is taken, which transcript shall contain all the proceedings had in the case. The transcripts in criminal cases shall be made out before those in civil actions decided at the same term." And articles 3196, 3197, and 3198, Paschal's Digest, provide that "the district clerk shall, immediately after the adjournment of the court at which appeals in criminal actions may have been taken, make out a certificate, under his seal of office, exhibiting a list of all such causes which have been decided, and in which either the state or defendant has appealed; which certificate shall show the style of the cause upon the docket, the offense of which the defendant stands accused, the day on which judgment was rendered, and the day on which the appeal was taken; which certified list he shall transmit, post-paid, to the clerk of the Supreme Court, at the proper place." And that "the clerk of the Supreme Court shall file the certificate provided for in the preceding article, and notify the attorney general that the same has been recorded." And that " when it appears by such certificate that an appeal has been taken by the defendant in a criminal action for mis-

demęanor, and the transcript is not filed within the time required by law for filing transcripts in civil actions, such cause may be entered on the docket, on motion of the attoney general, and the judgment of the district court shall be affirmed."

Now, it is very clear that these provisions cannot be in all cases complied with, and will be often disregarded, if the practice be allowed of permitting a defendant to give notice of appeal, and then, at his leisure, after the close of the term, perfect his appeal by obtaining from the judge a statement of facts, (and if he can do so one day after the close of the term, he can do so as well two months thereafter,) and thus obtain an advantage over the state, and defeat the spirit and letter of the law. We are of opinion that the first ground in the motion to dismiss is well taken. The second ground in the motion is also good.

Paschal's Digest, article 2731, defines what shall be a sufficient recognizance. Two of the requisites mentioned are wanting in this recognizance, to wit, "that it state the name of the offense with which the defendant is charged," and "that it appear by the recognizance that the defendant is accused of an offense against the laws of this state." The appeal is

DISMISSED.