## Henry Buie v. The State.

1. **Threats to Commit Offenses.**—A correct definition of the offense of threatening to take the life of a human being, or to inflict serious bodily injury, requires that the 1st and 2d sections of the act of October 18, 1871, amendatory of the Penal Code, be considered in connection with each other. Pasc. Dig., Arts. 6585, 6586. Indictments based on that act, therefore, must not only charge the making of the threat, but also that it was *seriously* made.

2. **Same—Indictment.**—In this case the indictment charged that the accused "did willfully, unlawfully, intentionally, and feloniously seriously threaten to kill and murder one S., which said threat was then and there seriously made." *Held*, that the indictment sufficiently charges the offense.

3. **Same—Recognizance.**—But in the recognizance for an appeal, framed under the act of April 27, 1871 (Pasc. Dig., Art. 6599), the offense is denominated to be "threats to kill and murder." *Held*, defective, because of the omission of one of the elements of the offense, to wit, that the threats were seriously made.

Appeal from Tannin. Tried below before the Hon. James Q. Chenowith.

In the opinion all material facts are disclosed.

*R. W. & H. E. Taylor*, for appellant. The only point we will make in the case is as to the sufficiency of the indictment, which came up directly, in the court below, on the motion for the arrest of judgment, and which was overruled by the court, and an exception taken by the defendant.

This is a statutory offense. We are not aware that it was ever an offense at common law, and certainly never a felony. In fact this indictment is drawn under, and must be supported by, the statute, or fall. We submit that there is such variance in the language of the statute and that of the indictment that it cannot stand. The words of the statute are: " If any person shall threaten *to take the life of* any human being." The words laid in the indictment are that Henry Buie did unlawfully, intentionally, feloniously, and seriously threaten to *kill* and *murder* one Leon Stevens. This is not

strictly, and not even substantially, following the statute. What notice is given the defendant as to the statute under which he is indicted? There is, in fact, no statute on our books making it felony to threaten to kill and murder.

It is a well-settled rule that it is sufficient to describe a statutory offense in the words of the statute. Whart. Am. Cr. Law, 132. It is true that the same author says that, when a word not in the statute is substituted for one that is, and the word substituted is *equivalent* to the word in the statute, or is of more *extensive signification*, and includes it, the indictment will be sufficient. But the words "kill and murder" are not equivalent to the words "to take life." And they are not of more extensive signification; they are of much more restricted meaning than the statutory words. Taking life, in many cases, is excusable. The sheriff can take life in carrying out the judgment of a court, and do it lawfully; and, also, a private individual, in defense of his person or family, and, if not completely justified, the homicide may be manslaughter, not murder.

We submit that the then existing serious intention should have been averred. 41 Texas, 385. It is the intent that constitutes the crime. It is necessary to prove this in order to convict; and if it is necessary to prove it, then it should be averred. Simply averring that the threat was "seriously" made is not averring "a then existing serious intention to execute it." The party may make it seriously, and have no intention to execute it. The threat may have been a serious, but, nevertheless, an idle one. It is frequently necessary, not only to use the statutory words, but to make independent averments. But we think this then existing serious intention is contemplated by the act itself, for the 6587th Article enacts that it is for the jury to determine as to the intention of the accused.

It is well established that defects in the description of a

statutory offense in an indictment are not aided by verdict, nor will the conclusion *contra formam statuti* cure it. Whart. Am. Cr. Law, 135; 2 East, 333; 2 Hale, 170.

*H. H. Boone*, Attorney General, for the State, moved the court to dismiss the appeal for want of a sufficient recognizance.

WHITE, J. The indictment in this case was found under the law relative to threats to take the life of, or to inflict serious bodily injury upon, any human being. Pasc. Dig., Arts. 6585, 6586. These two Articles are to be taken together in arriving at a correct definition of the offense. "'The statute in this case presents two distinct facts, which, concurring, constitute the offense, one of which is the act of threatening to take life, and the other is the then existing serious intention entertained to execute it." *McFain* v. *The State*, 41 Texas, 385. Failing to allege affirmatively these two constituent elements of the crime, an indictment would be fatally defective in not stating an offense known to the law.

The indictment in this case, though not following the language of the statute, charges the offense substantially, and with sufficient certainty, in charging that " one Henry Buie did willfully, unlawfully, intentionally, and feloniously seriously threaten to kill and murder one Leon Stevens, which said threat was then and there seriously made," and is consequently a good indictment. For to threaten " to kill and murder," or to threaten " to kill " or " murder," is tantamount to threatening, and is, in fact, the same thing as threatening, to take life, and when it is added, as in this case, that the threat was " seriously made," the offense is completely charged.

The recognizance, however, is fatally defective in not

stating the offense charged in the indictment, either *in hæc verba* or substantially, and, in fact, by failing to state any offense known to the law.

One of the. requisites to a recognizance, entered into before indictment, is "that it appear by the recognizance that the defendant is accused of an offense against the laws. of this state." Pasc. Dig., Art. 2731.

Article 2733 made the rules respecting recognizances and' bail bonds, as set out in that chapter, applicable to all such. undertakings, when entered into in the course of a criminal action, whether before or after indictment; and our supreme court held that this latter Article controls appeals to the supreme court, taken under provisions of Article 3186. *State* v. *Stout*, 28 Texas, 327; *Horton* v. *The State*, 30 Texas, 191; *Payne* v. *The State*, 30 Texas, 397; *Bennett* v. *The State*, 30 Texas, 446; *Hicklin* v. *The State*, 31 Texas, 492.

By act of 27th April, 1871, a special form is laid down for recognizances on appeal after conviction. 2 Pasc. Dig., Art. 6599. And in the 2d section of this act it is provided' "that the supreme court shall not entertain jurisdiction of any case requiring a recognizance that does not substantially comply with the above form." Art. 6600. That form provides for the insertion, in the recognizance, of the offense of which the cognizor is charged. See *Coney* v. *The State*, decided at this term.

Now, in the case we are considering, the recognizance follows the form prescribed in Article 6599, above cited, but states the offense with which the cognizor is charged to be "threats to kill and murder." This, it will be seen, does not set out the offense as charged in the indictment, either literally or substantially. "Threat to kill and murder" is no offense known to our law.

For want of a sufficient recognizance the appeal in this. case is dismissed.

*Dismissed.*