HENRY HOWARD v. THE STATE.

*No. 3396.   Decided March 2.*

1. **Recognizance on Appeal—Sufficiency of.**—Article 852 of the Code of Criminal Procedure prescribes the form of a recognizance to be given in cases of misdemeanor on appeal.   It is amply sufficient to affect that purpose, but unless that form is substantially complied with, article 853 of the Code of Criminal Procedure expressly inhibits the Court of Appeals from entertaining jurisdiction of the appeal.   One of the conditions prescribed by the form in article 852 is, that the cognizor will "not depart without leave of this court" (that is, the trial court).   Unless the recognizance contains this condition it is not in substantial compliance with the form prescribed in article 852, but is fatally defective.

2. **Same.**—A recognizance to be good on appeal must bind the obligor to appear before the trial court in order to abide the judgment rendered on appeal.

APPEAL from the County Court of Jackson.   Tried below before Hon. Hugh L. White, County Judge.

Appellant was convicted in the court below for a disturbance of religious worship, and fined in the sum of $5.   And he attempted to appeal on a recognizance which was held fatally defective.

*O. S. York* and *J. D. Owen,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—At a former day of the present term we sustained a motion of the Assistant Attorney-General to dismiss the appeal in this case because the recognizance was fatally defective, in that it did not bind the cognizor and his sureties that he would appear before any particular court to abide the decision of the Court of Appeals in his case.

The form prescribed for recognizances on appeals, found in article 852 of the Code of Criminal Procedure, provides as a condition of the recognizance, "that A. B., who stands charged in this court with the offense of   *    *    *,* and who has been convicted of said offense in this court, shall appear before this court from day to day and from term to term of the same, and not depart without leave of this court, in order to abide the judgment of the Court of Appeals of the State of Texas in this case."   The recognizance in the case in hand states that the defendant had been found guilty of disturbing religious worship, and recited the offense as the same had been stated in the information, after which it proceeds as follows:   "And who has been convicted of said offense in this court, shall appear from day to day and from term to term of the same, and not depart without leave of the court, in order to abide the judgment of the Court of Appeals of the State of Texas in this case."   The recognizance omitted to state or obligate the cognizor

to appear "before this court (that is, the County Court which tried the case) from day to day," etc.   The words "before this court" were omitted, and the recognizance does not obligate him to appear before any court; wherefore we held the recognizance was fatally defective, and dismissed the appeal.

In the motion for a rehearing in this case counsel in their motion take occasion to say, that "the opinion of the court on the dismissal of this cause is not only not in conformity with the law regulating recognizances on appeal, but is directly opposed to it;" and, "if the action of the court in the dismissal of this cause be correct, then no case appealed is properly before the court where the defendant enters into a recognizance in the very words as prescribed by article 852 of the Code of Criminal Procedure of the State of Texas.   By referring to the certified copy of the recognizance attached hereto and made a part of this motion, the court will at once see that it is word for word and letter for letter as in article 852 of the Code of Criminal Procedure." And further proceeding, counsel say:   "If the ruling of the court in dismissing the appeal upon the ground stated is correct, then we would respectfully urge that the court prescribe some form different from that in article 852 of the Code of Criminal Procedure by which persons can appeal without fear of a dismissal."   Appended to this motion for a rehearing, counsel representing appellant furnish the certified copy of the recognizance, which they say is "word for word and letter for letter as in article 852 of the Code of Criminal Procedure."   After omitting the statement of the acts constituting the offense, we copy the conditions from this certified copy as follows, to-wit: "And who has been convicted of said offense in this court, shall appear from day to day and from term to term of the same, and not depart without leave of this court," etc.   It will be seen from a comparison of the recitals as given in the original recognizance upon which this court passed, and this certified copy sent up in the motion for a rehearing, the language is the same, "word for word and letter for letter."   It will be further seen that this certified copy, which counsel say is "word for word and letter for letter, as provided in article 852," is not "word for word and letter for letter," as therein provided, because it omits to state an obligation of cognizor's that he will appear "before this court."   His certified copy of the recognizance attached to the motion for a rehearing is a literal copy of the original recognizance, which we held to be fatally defective, and is as defective as the original recognizance, because it fails to bind the defendant, as required by article 852 of the Code of Criminal Procedure, that he shall appear "before this court (that is, the county court) from day to day," etc.

It has been uniformly held, so far as we are advised, in the State of Texas, that a recognizance, to be good on appeal, must bind the obligor to appear before the trial court in order to abide the judgment

rendered on appeal, and we cite among others the following authorities which support this proposition: Leach v. The State, 13 Texas, 321; Manes v. The State, 20 Texas, 38; Little v. The State, 26 Texas, 110; Carroll v. The State, 6 Texas Ct. App., 463; Crowder v. The State, 7 Texas Ct. App., 484; Palvadore v. The State, 12 Texas, 230; Brown v. The State, 34 Texas, 525. It is not necessary for this court to provide any additional form for recognizances than that prescribed by article 852 of the Code of Criminal Procedure. If appellants and counsel representing them will but follow the form as prescribed, even substantially, as is provided may be done by article 853, their appeal will not be dismissed for want of sufficiency of the recognizance.

In this case, notwithstanding the positive assertions of appellant's counsel that the recognizance is in strict conformity, "word for word and letter for letter," with the statutory form prescribed in article 852, we are constrained to differ with them, for the reasons above stated, because said recognizance fails to obligate the cognizor that he will appear before the trial court, as is prescribed by the statute; and it is to be hoped that when the counsel reread the article in connection with their recognizance in this particular they will be able to see wherein they have made a mistake in the motion for rehearing, if indeed it was possible they could have been mistaken under the circumstances, and thereby be enabled to see wherein the recognizance is fatally defective. The motion for rehearing is refused.

*Motion overruled.*

Hurt, J., absent.