GEORGE YOUNG v. THE STATE.

No. 714. Decided November 10, 1910.

**Aggravated Assault—Notice of Appeal—Practice on Appeal.**

Where, upon appeal from a conviction of aggravated assault, the record failed to show that notice of appeal was entered upon the minutes of the court, the appeal must be dismissed; and the request of the appellant to fix the amount of recognizance on appeal cannot be construed that he gave notice of appeal as required by law.

Appeal from the County Court of Coleman. Tried below before the Hon. T. J. White.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Snodgrass & Dibrell,* for appellant.

*John A. Mobley,* Assistant Attorney-General, and *Walter C. Woodward,* County Attorney, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for aggravated assault with a fine of $25.

The State through her Assistant Attorney-General has filed a motion to dismiss this appeal because no notice of appeal has been entered in the court below as required by law. We have carefully inspected the transcript in this case and we fail to find anywhere that defendant gave notice of appeal to this court. The only thing that we discover in the record is the following language found in the

order of the court overruling the motion for new trial, which is as follows: "It is therefore ordered, adjudged and decreed by the court that the amended motion for a new trial herein be and the same is hereby overruled, and thereupon the defendant requested that the court fix the amount of his recognizance on appeal and pending appeal and the court thereupon fixed the same at the sum of Two Hundred ($200) Dollars." Article 883 of the Code of Criminal Procedure provides: "An appeal is taken by giving notice thereof in open court, and having the same entered of record." Article 882 provides: "An appeal may be taken by the defendant at any time during the term of the court at which the conviction was had." It has been held in an unbroken line of authorities in this State that notice of appeal must be given in open court, and must be entered of record, and unless such notice appears in record on the appeal, and that it was given and entered of record in the court below, the appeal will be dismissed. See Hicklin v. State, 31 Texas, 492; Hurlock v. State, 43 S. W. Rep., 992; Johnson v. State, 8 Texas Crim. App., 671. The notice of appeal must be entered upon the minutes of the court, and unless the record affirmatively shows this the appeal will be dismissed. The proper time to give notice of appeal is when the lower court has overruled defendant's motion for a new trial, and an appeal taken without notice given at the term at which the conviction was had will confer no jurisdiction upon the Appellate Court. See Clark v. State, 3 Texas Crim. App., 338. We are of opinion that the request of the defendant to fix the amount of recognizance on appeal can not be construed to mean that the defendant gave notice of appeal to this court. It is but saying if the defendant should appeal that his recognizance is fixed at the sum of two hundred dollars.

The record failing to disclose that notice of appeal was given in the court below and said notice entered of record, the State's motion will be sustained and the appeal dismissed.

*Dismissed.*